UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL BAUMHOFF, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-CV-02539 JAR |
| FARMERS INSURANCE COMPANY, | ) |
| and | ) |
| SAFECO INSURANCE COMPANY | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Farmers Insurance Company's ("Farmers") Motion for Summary Judgment. (Doc. 17.) Plaintiff Daniel Baumhoff has filed a memorandum in opposition (Doc. 25), and Farmers replied (Doc. 27). Both parties have filed a statement of material facts.[1] (Docs. 19, 21.)

### I. BACKGROUND

On May 10, 2016, Plaintiff was driving a 2012 Nissan Titan pickup truck owned by his mother, Mary O'Brien. The truck was struck by a vehicle driven by Alexis Baker. Plaintiff sustained significant bodily injury. Baker was insured by Progressive Insurance, which paid to

---

[1] The Parties agree as to nearly all relevant factual assertions made in Farmers' statement of material facts. Plaintiff asserts that the policy attached to Farmer's Motion for Summary Judgment (Doc. 19-4), differs from the policy he received (Doc. 21-2). However, the language of the relevant provisions is identical in both attached policies. Thus, the Court will accept Farmers' statement of material facts as true for the purposes of this motion and, unless noted otherwise, all facts are taken from it.

1

Plaintiff the $100,000 limit for bodily injury in Baker's policy. O'Brien was insured by Defendant Safeco Insurance Company, which paid to Plaintiff the $50,000 limit for underinsured motorist ("UIM") coverage in O'Brien's policy.[2] Plaintiff sought additional payment from Farmers, which had issued to him a policy that included $500,000 in UIM coverage (the "Policy"). Farmers denied Plaintiff's claim, asserting that the Policy's UIM coverage excluded personal injury sustained by Plaintiff while he was occupying a vehicle owned and insured for UIM coverage by someone else. Plaintiff sued Farmers, arguing that Farmers vexatiously refused to pay his claim. Farmers answered, raised a counterclaim for declaratory judgment, and then filed this Motion for Summary Judgment, arguing that the Policy's language unambiguously excludes Plaintiff's claim.

## II. LEGAL STANDARD

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); *see* Fed. R. Civ. P. 56(c). "The basic inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted).

As noted, the parties do not dispute the material facts: Plaintiff was injured while driving his mother's vehicle, which she had insured with a policy that included UIM coverage. The only dispute is whether the Policy covers Plaintiff's injuries. "State law governs

---

[2] Plaintiff voluntarily dismissed Safeco. (Doc. 20.)

the interpretation of insurance policies." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc.*, 346 F.3d 1160, 1164 (8th Cir. 2003) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000)). "The interpretation of an insurance policy is a question of law." *Naeger v. Farmers Ins. Co.*, 436 S.W.3d 654, 659 (Mo. Ct. App. 2014) (citing *McCormack Baron Mgt. Services, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999)). "Unless the policy is ambiguous, it must be enforced as written." *Id.* (citing *Capitol Indem. Corp. v. Callis*, 963 S.W.2d 247, 249 (Mo. Ct. App. 1997)). A policy is ambiguous if its language is susceptible to two reasonable interpretations. *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 765 (2018). The policy's language "must be interpreted in the context of the policy as a whole and should not be considered in isolation." *Naeger*, 436 S.W.3d at 660 (citing *Long v. Shelter Ins. Companies,* 351 S.W.3d 692, 696 (Mo. Ct. App. 2011)). Ambiguous language is construed against the drafter. *Id.* (citing *Burns v. Smith*, 303 S.W.3d 505, 509-10 (Mo. banc 2010). Farmers bears the burden of showing that its policy excludes coverage of Plaintiff's claim. *Id.*

### III. ANALYSIS

Farmers argues that two provisions preclude coverage, both listed under the UIM section of the policy. First, it cites the "other-insurance" provision, which reads: "[Farmers] will not provide insurance for a vehicle other than your insured car, unless the owner of that vehicle has no *other insurance applicable to this part*." (Doc. 21-2 at 20 (emphasis added).) Plaintiff was injured while driving his mother's vehicle, which was covered by his mother's UIM insurance up to $50,000.

Plaintiff responds that the other-insurance provision is ambiguous because it does not define "other insurance applicable to this part." (*Id.*) He asserts that the language could mean

3

primary insurance or UIM coverage and that the provision only mentions vehicle damage, not bodily injury. (*Id.*) Defendant's reference to the provision in a bodily injury case, Plaintiff argues, only adds to the ambiguity. (*Id.*)

First of all, "[t]he failure of a policy to define a term does not, in and of itself, render it ambiguous." *Naeger*, 436 S.W.3d at 645 (quoting *Trainwreck West Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 40 (Mo. App. E.D. 2007)). Moreover, the Missouri Court of Appeals affirmed summary judgment to the insurance company on a nearly identical other-insurance provision in *Naeger v. Farmers Ins. Co.* In that case, the plaintiff was injured as a passenger in a car struck by an underinsured motorist. 436 S.W.3d at 657. She alleged damages of $700,000. *Id.* Progressive Casualty Insurance Company, which insured the underinsured motorist, settled with the plaintiff for $50,000. *Id.* Allstate Insurance Company, which insured the driver of the car plaintiff was in when she was injured, paid her an additional $190,000 pursuant to the driver's UIM policy. *Id.* Plaintiff then sought payment from her own insurer, pursuant to the UIM coverage in her personal policy. *Id.*

The plaintiff's insurer denied the claim based on a non-owned auto exclusion that read: "We will not provide insurance for a vehicle other than your insured car . . . unless the owner of that vehicle has no other insurance applicable hereunder." *Id.* at 659 (emphasis deleted). The plaintiff argued that the policy did was not ambiguous because it did not define "other insurance applicable hereunder." *Id.* The Missouri Court of Appeals rejected that argument, finding that "the reasonable interpretation of the clause is that it refers to other UIM coverage, as the endorsement in which it is included pertains only to UIM coverage and its limitations and exclusions." *Id.*

The Court concludes that *Naeger* compels the same holding here. Like in *Naeger*, the

4

phrase "other insurance applicable to this part" is unambiguously included in "PART II – Uninsured Motorist Coverage (Including Underinsured Motorist Coverage)." (Doc. 21-2 at 18-19.) Because Part II "pertains only to UIM coverage and its limitations and exclusions" *Naeger*, 436 S.W.3d at 660, the reasonable interpretation is that "other insurance applicable to this part" means other UIM coverage. Because Plaintiff was injured while operating his mother's vehicle and because his mother had UIM insurance, the Court concludes that the Policy does not cover Plaintiff's injuries.

Plaintiff asserts that the other-insurance provision applies only to property damage to a vehicle and therefore is inapplicable here. (Doc. 25 at 7.) The text of the provision states that Famers "will not provide insurance for a vehicle other than your insured car unless the owner of that vehicle has no other insurance applicable to this part." (Doc. 21-2 at 20.) Plaintiff argues that "insurance for a vehicle" means property damage and that therefore the provision does not affect the Policy's coverage of his bodily injuries. (Doc. 25 at 5-6.) Farmers replies that the Policy's UIM coverage only applies to bodily injury and makes no mention of property damages. (Doc. 27 at 8.)

The Court agrees with Farmers that the language of Part II makes clear that UIM coverage is only for bodily injury. The first sentence of the part sets out the maximum reach of the Policy's UIM coverage: "[Farmers] will pay all sums which an insured person is legally entitled to recover as *damages* from the owner or operator of an uninsured motor vehicle *because of bodily injury* sustained by the insured person." (Doc. 19-4 at 34 (emphasis added).) The Policy's UIM coverage begins and ends at damages arising from bodily injury and at no point in Part II is UIM coverage expanded to include property damage. (*See id.* at 34-35.) This language is in stark contrast with the first sentence of "Part I – Liability": "[Farmers] will pay damages

5

for which any insured person is legally liable because of *bodily injury* to any person *and property damage* arising out of the ownership, maintenance or use of a private passenger car, a utility car, or a utility trailer." (*Id.* at 32 (emphasis added).) The Court concludes that Plaintiff's interpretation is not reasonable given that UIM coverage is clearly limited to damages arising from bodily injury and that Part II does not include any reference to property damage. Lastly, the Court notes that even if the other-insurance provision does not operate to preclude coverage of his claim, the "non-owned auto" exclusion does, for the reasons that follow.

Farmers also cites the Policy's "non-owned auto" exclusion, which reads: "[UIM] coverage does not apply to bodily injury sustained by a person . . . [i]f the injured person was occupying a vehicle [Plaintiff] did not own which is insured for *this coverage* under another policy." (Doc. 21-2 at 19 (emphasis added).) As before, Plaintiff argues that the non-owned auto exclusion fails to define or otherwise make clear what "insured for this coverage" means. (Doc. 25 at 5.) Additionally, he asserts that to the extent "this coverage" means UIM coverage, it is not clear whether it means UIM coverage of any amount or the $500,000 in UIM coverage Plaintiff purchased. (*Id.*)

Like the other-insurance provision, the non-owned auto exclusion is unambiguously listed under "PART II – Uninsured Motorist Coverage (Including Underinsured Motorist Coverage)." (Doc. 21-2 at 18-19.) And like the other-insurance provision, the only reasonable interpretation of "this coverage" is that it refers to UIM coverage. Because Plaintiff was driving a vehicle he did not own and because that vehicle was insured for UIM coverage under his mother's policy, the Court concludes that the Policy does not cover Plaintiff's injuries.

The Court also concludes that Plaintiff's interpretation of "this coverage" as meaning the "same dollar amount of UIM coverage" is not reasonable. Plaintiff argues that *Naeger* is

6

distinguishable because the UIM coverage limits were the same across the applicable policies. (Doc. 21 at 5-6.) However, Plaintiff cites no positive case law and there is no language in the Policy suggesting a dollar amount applicable to the phrase "this coverage." The Court will not read an ambiguity into the Policy where none exists.

Plaintiff cites the dissent in *Naeger* for the proposition that Missouri courts have held that a reasonable insured would expect underinsured motorist coverage to "float" with the insured to cover him regardless of the car he might be operating at the time of an accident. 436 S.W.3d at 663 (Mooney, J., dissenting) (citing *Long*, 351 S.W.3d at 696; *Niswonger v. Farm Bureau Town & Country Ins., Co. of Mo.*, 992 S.W.2d 308, 313 (Mo. App. E.D. 1999); (Doc. 25 at 7 (citing *Martin v. Auto Owners Ins. Co.*, 486 S.W.3d 390, 392 (Mo. Ct. App. 2016))). Plaintiff implies that both the coverage *and the coverage limit* float with the insured and that Farmers' interpretation fails to satisfy Missouri law.

Contrary to Plaintiff's suggestion, the Court believes that the UIM coverage in the Policy does "float" insofar as it is always present as a backstop in the event he is injured in a vehicle that is not protected by UIM. However, the Court concludes that it is not reasonable to believe that Plaintiff's individual UIM coverage (that is, the exact dollar amount of coverage provided by his personal policy) follows him from car to car when the express contract language states that the coverage does not apply to injuries sustained while driving non-owned vehicles covered by other insurance. When a policy's language clearly limits the applicability of its UIM coverage, that language supersedes the general rule that UIM coverage "floats." *Martin*, 486 S.W.3d at 395. ("the focus must first be on policy language within document's four corners rather than primarily on case law").

Plaintiff argues that he "paid high premiums for [additional UIM coverage] and had good

7

reason to expect that if other applicable coverage would exclude his policy, it [would] be for the same amount." (Doc. 25 at 5-6.) The suggestion is that Plaintiff received nothing in return for his additional costs. To the contrary: the higher premiums bought Plaintiff increased UIM coverage for injuries sustained while occupying his own car or while occupying a non-owned vehicle that is not covered by UIM coverage.

The Court further notes that the three cases Plaintiff relies on all involve anti-stacking clauses not applicable here. *Martin*, 486 S.W.3d at 396; *Long*, 351 S.W.3d at 698; *Niswonger*, 992 S.W.2d at 315. "Stacking is defined as an insured's ability to obtain benefits either from more than one insurance policy, as when the insured has two or more separate vehicles under separate policies, or from multiple coverages within a single policy, as when an insured has one policy that covers more than one vehicle." *Martin*, 486 S.W.3d at 393 (citing *Niswonger*, 992 S.W.2d at 313). This case involves Plaintiff's attempt to claim UIM coverage from separate policies issued by separate insurers to separate insureds. None of the cases he cites hold that he can combine policies in this way and therefore they do not offer substantive support for Plaintiff's claim.

Last, Plaintiff argues that the entirety of his UIM coverage is draped in ambiguity because "the policy unequivocally gives Plaintiff underinsured motorist coverage" in the UIM section and then, "in less-than-clear terms in the exclusion section, the policy completely takes that coverage away." (*Id.* at 8-9.) In other words, Plaintiff argues that the mere existence of the non-owned auto exclusion and other-insurance provision render the Policy ambiguous. The Court is not persuaded.

Plaintiff begins by stating that the policy grants UIM coverage and then argues that "*in the exclusion section*, the policy completely takes that coverage away." (*Id.* at 9 (emphasis

8

added).) As the Court understands Plaintiff's argument, any exclusion that narrows coverage would give rise to ambiguity that must be construed against the drafter, but exclusions are so basic a part of insurance contracts that Plaintiff's interpretation would render ambiguous nearly every policy imaginable. That is not a reasonable interpretation. *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. 2007) ("Definitions, exclusions, conditions and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable.") Moreover, Plaintiff misconstrues the effect of the applicable provisions—they do not "completely take [UIM] coverage away," they merely limit its application. Indeed, as discussed above, the UIM coverage is always present, standing as a backstop to both provisions and ensuring Plaintiff is never left uncovered.

In addition, Plaintiff does what the Missouri Supreme Court expressly says not to do: he takes language out of context. He quotes *Swadley v. Shelter Mut. Ins. Co.*, 513 S.W.3d 355, 357 (Mo. 2017), for the well-settled rule that "where one section of an insurance policy promises coverage and another takes it away, the contract is ambiguous." (citing *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 140-41 (Mo. banc 2009). Yet in *Todd v. Missouri United Sch. Ins. Council*, the state supreme court cautioned that, "[t]aken out of context, [the rule] may be confusing [because i]nsurance policies customarily include . . . exclusions that exclude from coverage otherwise covered risks." 223 S.W.3d at 162. The court then clarifies that, "[t]hough it is the duty of the court to reconcile conflicting clauses in a policy so far as their language reasonably permits, when reconciliation fails, inconsistent provisions will be construed most favorably to the insured." *Id.* (quoting *Bellamy v. Pacific Mut. Life Ins. Co.,* 651 S.W.2d 490, 496 (Mo. banc 1983)).

9

The Court finds no inconsistency in the Policy. The other-insurance provision and non-owned auto exclusion clearly and straight-forwardly limit the application of UIM coverage. "[T]he use of definitions and exclusions is not necessarily contradictory or inconsistent." *Id.* at 163.

## IV. CONCLUSION

The Court finds that, as a matter of law, the Farmers Policy in this case does not provide UIM coverage to Plaintiff because any coverage would be excluded under the unambiguous terms of the non-owned vehicle exclusion and other-insurance provision, that Plaintiff is not entitled to UIM coverage, and that Farmers' actions were not vexatious. Farmers is therefore entitled to summary judgment as to Plaintiff's claims and as to Defendant's counterclaim for declaratory judgment.

Accordingly,

**IT IS HEREBY ORDERED**, that Defendant Farmers Insurance Company's Motion for Summary Judgment (Doc. 17), is **GRANTED**.

Dated this 13th day of July, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE